**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4161**
_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RONALD MATTHEW GAINEY,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:15-cr-00245-NCT-3)

_____

Submitted:  September 29, 2016      Decided:  October 3, 2016

_____

Before SHEDD, KEENAN, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Stephen F. Wallace, WALLACE LAW FIRM, High Point, North Carolina, for Appellant.  Clifton Thomas Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Matthew Gainey pled guilty, pursuant to a written plea agreement, to conspiracy to manufacture methamphetamine, in violation 21 U.S.C. § 846 (2012). The district court sentenced Gainey to 175 months' imprisonment, a term below his 240-month advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. The Government declined to file a brief.

Because Gainey did not move in the district court to withdraw his guilty plea, we review the guilty plea hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Gainey] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Gainey satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted). Our review of the record leads us to conclude that the district court substantially complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Gainey's guilty plea, which Gainey entered knowingly and voluntarily.

Turning to Gainey's sentence, we review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or failing to adequately explain the sentence. Id. If we find the sentence procedurally reasonable, we then consider its substantive reasonableness. Id. at 328. We presume on appeal that a sentence within or below the properly calculated Guidelines range is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). Such a presumption is rebutted only when the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).

Upon review, we discern no procedural or substantive sentencing error by the district court. The district court correctly calculated Gainey's advisory Guidelines range, heard argument from counsel, provided Gainey an opportunity to allocute, and considered the § 3553(a) sentencing factors. We have reviewed the record and conclude that Gainey's below-

3

Guidelines sentence is both procedurally and substantively reasonable.

Gainey filed a pro se supplemental brief asserting that the district court erred in adjudging him permanently ineligible to receive federal benefits. However, the district court made no such ruling.

Accordingly, we affirm the judgment of the district court. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Gainey, in writing, of the right to petition the Supreme Court of the United States for further review. If Gainey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gainey.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED